```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

| | | |
|---|---|---|
| RALEIGH D. JONES | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
|         v. | : | Case No.: PWG-01-4022 |
| | : | |
| ELLEN M. JONES | : | |
| | : | |
|     Defendant | : | |

<u>**VOIR DIRE**</u>

TRIAL DATE: November 10, 2003

**THE ENTIRE JURY PANEL WILL PLEASE STAND AND BE SWORN FOR EXAMINATION ON VOIR DIRE:**

    Ladies and gentlemen, the Court will now ask you questions to determine whether you can sit as fair and impartial jurors in this case. Please understand that these questions are not intended to embarrass you or to pry into your personal affairs. If your answer to a question is "yes," please raise your hand so that additional questions may be asked. If your answer to the question is "no," you need not do anything; we will assume by your silence that your answer is no.

<u>Facts</u>

    This is a personal injury action in which the plaintiff, Raleigh D. Jones, seeks to recover from injuries he received as a result of a motor vehicle accident occurring on January 21, 1999, and

involving the defendant, Ellen M. Jones. Although the plaintiff and defendant have the same last name, they are not related. It has already been determined that Ms. Jones is liable for Mr. Jones' injuries, and you will not be asked to make this determination. Instead, this trial only concerns the issue of whether and to what extent Mr. Jones is entitled to damages from Ms. Jones as a result of her causing this accident.

1. Does any member of the jury panel have any personal knowledge concerning this dispute other than what you have been advised by the Court during these proceedings to date?

2. This case is expected to take approximately two days to try. Does this present a substantial hardship for any member of the panel?

3. Are there any of you who have any problems with vision or hearing, or any other conditions, such as a need to take medications that may cause drowsiness, which would affect your ability to sit as a juror in this case?

4. The Plaintiff in this matter Raleigh D. Jones. Does any member of the jury panel, or his or her immediate family, know the Plaintiff?

5. The Plaintiffs are represented by the attorney Allan B. Rabineau, The World Trade Center, Suite 2252, 401 East Pratt Street, Baltimore, MD 21202. Does any member of the jury panel, or his or her immediate family, know Mr. Rabineau, or have they ever been

represented by his law firm?

6. The Defendant in this case is Ellen M. Jones. Does any member of the jury panel, or his or her immediate family, know the Defendant?

7. The Defendant is represented by attorney Harold D. Burgin of Stoner, Preston and Boswell Chtd., 28 W. Allegheny Avenue, Ste. 500, Baltimore, MD 21204. Does any member of the jury panel, or his or her immediate family, know Mr. Burgin or have they ever been represented by a member of his law firm?

8. The following individuals may be called to testify as a witness during this trial:

> Dr. Walter Andrew Eglseder, University of Maryland, Shock Trauma Center, Baltimore, MD;

> Dr. Robert W. Macht, 101 West Read, Baltimore, MD

Does any member of the jury panel, or his or her immediate family, know any of the above-mentioned potential witnesses?

9. Have any members of the panel, or his or her immediate family, ever made a claim of any type for personal injuries, whether or not that claim ultimately involved a lawsuit; or been named as a defendant in a suit for personal injuries; or served as a witness in a suit for personal injuries?

10. Has any member of the jury panel or a member of your immediate family employed or been employed by an insurance company?

11.  Does any member of the jury panel or a member of your immediate family have any special training in the field of law?

12.  Has any member of the jury panel ever served as a juror in another case involving monetary damage arising out of a claim for negligence?

13.  Has any member of the prospective jury panel or a member of his or her immediate family ever had an experience with a physician or other health care provider that would render it difficult or impossible to render a fair and impartial verdict in this case?

14.  Does any member of the jury panel know any other member of the jury panel?

15.  Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

16. Would any member of the jury panel have any bias in favor or against awarding damages to the Plaintiff if the preponderance of evidence shows that Plaintiff should be awarded such damages or, on the other hand, have any bias in favor or against awarding a verdict to the Defendant if the preponderance of evidence does not support the damages sought by Plaintiff? In other words, is there any reason why you

could not return a verdict in favor of either the Plaintiff or the Defendant, if you were persuaded by the evidence and the instructions of the Court as to the law that such a result was proper?